**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| OSCAR SAMPAYO VARGAS,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-1268<br><br>Agency No.<br>A201-038-002<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Oscar Sampayo Vargas, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the decision of an immigration judge ("IJ") denying his application for cancellation of removal. He

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims that the BIA ignored one piece of evidence and failed to give another "full evidentiary weight." We deny the petition in part and dismiss the petition in part.

Under 8 U.S.C. § 1252(a)(2), we have jurisdiction to review questions of law arising from denial of cancellation of removal but lack jurisdiction to review factual findings underlying the agency's decision. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 953–54 (9th Cir. 2025); *see also Patel v. Garland*, 596 U.S. 328, 333, 340 (2022). We review de novo questions of law, *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021), and we review for substantial evidence the agency's hardship determination for cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopts the IJ's decision, and "provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation modified).

The BIA has held that to be eligible for cancellation of removal based on a qualifying relative's health, a petitioner must show that (1) "the relative has a serious medical condition" and (2) if the relative intends to accompany the petitioner to the country of removal, adequate medical care is not reasonably available in that country. *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020); *see Gonzalez-Juarez*, 137 F.4th at 1006 (finding the BIA's interpretation of the hardship standard to be instructive). As relevant here, the BIA found that Sampayo Vargas did not

establish that adequate medical care for his sons' asthma is unavailable in Mexico.

1.  Sampayo Vargas claims that the agency ignored a 2011 letter from his sons' doctor. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (holding that whether the agency failed to consider relevant evidence is reviewable under 8 U.S.C. § 1252(a)(2)(D)). We ordinarily presume that the agency considers all relevant evidence. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). To overcome this presumption, Sampayo Vargas must identify "something about the record" that shows that evidence was not considered, such as a failure to mention evidence that is "highly probative or potentially dispositive." *Cruz v. Bondi*, 146 F.4th 730, 740 (9th Cir. 2025) (citation modified). The 2011 letter is neither highly probative nor potentially dispositive because it does not address whether adequate medical care is unavailable in Mexico. Thus, we presume that the BIA considered the letter.

2.  We lack jurisdiction to review Sampayo Vargas's claim that the agency assigned too little weight to treatment notes from his sons' doctor stating that their medical care is available only in the United States. We may not review how the agency weighed evidence in making a factual finding underlying a decision to deny discretionary relief. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (holding that the agency's "factfinding on . . . the seriousness of a family member's medical condition" is unreviewable). We therefore dismiss the petition as to this claim.

3

The temporary stay of removal shall remain in place until the mandate issues.

Sampayo Vargas's motion to stay removal, Dkt. No. 3, is otherwise denied.

**PETITION DENIED IN PART AND DISMISSED IN PART.**